IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40462
Summary Calendar

_____


BRET CAHILL, Former employees, job
seekers & other citizens of the
State of Texas,

                                    Plaintiff-Appellant,

versus

STATE OF TEXAS; MIKE SHERIDAN,
Jointly & severally,

                                    Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:00-CV-330
--------------------
September 20, 2002

Before HIGGINBOTHAM, SMITH and CLEMENT, Circuit Judges.

PER CURIAM:[*]

        Bret Cahill appeals from the district court's order granting

summary judgment to the defendants in his suit seeking

declaratory and injunctive relief.  Cahill alleged that the Texas

Workforce Commission ("TWC") violated his First Amendment and

Equal Protection rights by refusing to permit him and other

former employees to post commentary about former employers on

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

TWC's bulletin boards, job banks, computer networks, and other resources.

Cahill argues that TWC created a public forum in its media for purposes of communication regarding employment opportunities and that the state may not subject him to content-based restrictions. Alternatively, he argues that TWC created a nonpublic forum and has unreasonably discriminated against him based on his viewpoint. He also argues that the state possesses unbridled discretion in choosing who may and may not have access to TWC's media. In addition to addressing the merits of Cahill's claims, the state argues that Cahill lacks standing to assert a First Amendment challenge because he failed to allege an actual or threatened injury.

We conclude that although Cahill alleged in his complaint that he asked for and was denied personal access to TWC's media, his mere allegations are insufficient to establish standing at the summary judgment stage. Cahill failed to set forth specific facts by affidavit or other evidence showing an actual injury in response to the summary judgment motion. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). Cahill therefore lacks standing.

Further, we conclude based on a review of the record that the TWC media are not a public forum and that Cahill has not shown that his speech was suppressed solely because public officials disagreed with his point of view. See Cornelius v.

NAACP Legal Def. & Educ. Fund, Inc., 473 U.S. 788, 800-06 (1985);

Perry Educ. Ass'n v. Perry Local Educators Ass'n, 460 U.S. 37,

44-46 (1983).  Therefore, the district court did not err in

granting summary judgment on the merits.

AFFIRMED.